## CAMPBELL vs. MILLER.

APPEAL from the court of the sixth district.

MATHEWS, J. delivered the opinion of the court. This is a suit commenced to recover two negro slaves, described in the plaintiff's petition, to which he claims title. The answer contains a general denial and also a plea of title from a person authorised to sell by the plaintiff, &c. Judgment was given for the defendant, and the plaintiff appealed.

This is the second appeal. The case was remanded for a new trial by a judgment of this court at the last term.

On the last trial a witness was offered to prove the confession of the appellant, that he had authorised the person who sold to the defendant, to sell and convey the slaves in dispute, for and on account of the former. An objection was made to the introduction of this witness on the part of the plaintiff, and being overruled his counsel took a bill of exceptions. Although it may possibly be in conformity with the laws of the state of Mississippi, to pass the title to slaves by verbal sale and delivery, and that a contract of mandate, for the purpose of effecting such sales may be proven by parol, yet

West'n District.
*Sept.* 1824.

When the law of the country in which the parties contracted is not set forth, the court must take that of the state, as their rule.

When the cause was tried by a jury below, and the judgment is reversed, it is sent back, although there be sufficient evidence to act on.

West'n District, these laws have not been exhibited to the
*Sept.* 1824.

CAMPEELT
*vs.*
MILLER.

court below or to us, in such a manner as to
form the basis of an opinion on this subject.——
We must therefore resort to our own state laws,
as the rule of decision on this bill of excep-
tions. And a simple reference to that part of
them, which relates to the transfer of slaves, is
sufficient to shew the incompetency of the wit-
ness offered in this case. But independent of
the direct operation of our rules of evidence;
according to the general principles of all laws
on that subject, oral evidence ought not to
have been permitted to go to the jury after it
had been discovered that the power said to
have been granted was in writing, and that
writing wholy unaccounted for.

The judge erred in admitting this testimo-
ny to the jury; and this may not be a good
reason for again remanding the cause, as this
court might disregard it, and procede to give
such judgment as the evidence properly re-
ceived would authorise, and the justice of the
case require.

But we have been in the habit of allowing
great weight to the verdict of juries, even when
they have been general both as to law and fact,
and not confined to facts alone. This conces-

sion of influence is founded in a belief, which we should reluctantly change, that they are what their denomination purport them to be, *a representation of truth.* If one jury, by improper bias, or any other cause may have mistaken the facts of a case as exhibited by the whole evidence, or in our opinion have given an erroneous verdict, it is our custom to remand the suit for a new trial, in order that another jury may decide the facts.

How far this comity ought to be extended on a repetition of verdicts, contrary to a very great preponderance of evidence, is not required now to be expressed.

The testimony, as it comes up in the record, has been by us attentively examined and carefully weighed, and it does appear scarcely to leave room for a doubt against the claims of the plaintiff.

As one of the parties to this suit has claimed a trial by jury; and as we are unwilling in the slightest degree, to invade the privileges belonging to a trial *per pais;* and as this is the second time which we have so widely differed with the jury in their conclusions on the facts of the case,

It is therefore ordered, adjudged and de-

West'n District, creed, that the judgment of the district court
Sept. 1824.
be avoided, and that the cause be remanded
CAMPBELL for a new trial, and that the appellee pay the
vs.
MILLER. costs of this appeal.

*Thomas & Oakley* for the plaintiff, *Baldwin* for the defendant.